UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN J. ALLUMS,<br><br>    Plaintiff,<br><br>  v.<br><br>BOARD OF PRISON HEARING; et al.,<br><br>    Defendants.<br>                                    / | No. C 08-2231 MHP (pr)<br><br>**ORDER OF DISMISSAL** |

## INTRODUCTION

Steven J. Allums, an inmate at San Quentin State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983. Allums' complaint for damages alleges that his parole was wrongfully revoked. His complaint is now before the court for initial review pursuant to 28 U.S.C. § 1915A.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. §1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the

violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

      The complaint fails to state a claim for relief under § 1983. The complaint alleges that plaintiff's parole was wrongfully revoked and an attachment indicates that plaintiff is currently in custody serving "flat time" because his parole was revoked for missing a "P.O.C. group." Complaint attachments, last page. Plaintiff cannot now allege a § 1983 claim for damages for any alleged improper revocation of parole because it would run afoul of a line of cases that bar a damages claim for unconstitutional imprisonment until the underlying erroneous decision is set aside. The case of Heck v. Humphrey, 512 U.S. 477 (1994), held that a plaintiff cannot bring a civil rights action for damages for a wrongful conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, unless that conviction or sentence or other decision already has been determined to be wrongful. See id. at 486-87. A conviction or sentence may be determined to be wrongful by, for example, being reversed on appeal or being set aside when a state or federal court issues a writ of habeas corpus. See id. The Heck rule also prevents a person from bringing an action that -- even if it does not directly challenge the conviction or other decision -- would imply that the conviction or other decision was invalid. The practical importance of this rule is that plaintiffs cannot attack their convictions or other adjudications causing them to be incarcerated in a civil rights action for damages; the decision must have been successfully attacked before the civil rights action for damages is filed. Heck also bars a challenge to the validity of the confinement resulting from a parole revocation hearing until the parole board's decision has been reversed, expunged, set aside or called into question. See Littles v. Bd. of Pardons and Paroles Div., 68 F.3d 122, 123 (5th Cir. 1995); McGrew v. Texas Bd. of Pardons & Paroles, 47 F.3d 158, 161 (5th Cir. 1995). Heck therefore currently bars any damages claim for the alleged improper revocation of plaintiff's parole because it would implicate the validity of the parole revocation decision. This does not mean that plaintiff will never have a § 1983 claim, but only that such a claim has not yet accrued.

1  If he wishes to challenge an alleged wrongful parole revocation, plaintiff must file a
2  petition for writ of habeas corpus, <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973), but not
3  until after he exhausts state judicial remedies, <u>Granberry v. Greer</u>, 481 U.S. 129, 134 (1987).

## CONCLUSION

The complaint fails to state a claim upon which relief may be granted. The action is DISMISSED without prejudice to him filing a petition for writ of habeas corpus if he wishes to challenge the revocation of his parole. The dismissal also is without prejudice to plaintiff filing a new civil rights action if he ever has the parole revocation decision set aside. The clerk shall close the file.

IT IS SO ORDERED.

Dated: September 24, 2008

_____
Marilyn Hall Patel
United States District Judge